# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Vita M. Forgione, :
               Petitioner      :
                        :
           v.              :   No. 1776 C.D. 2017
                        :   Submitted: June 29, 2018
Unemployment Compensation    :
Board of Review, :
              Respondent   :

BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
                HONORABLE ANNE E. COVEY, Judge
                HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

**OPINION NOT REPORTED**

**MEMORANDUM OPINION BY**
**JUDGE COHN JUBELIRER**               **FILED: August 16, 2018**

Vita M. Forgione (Claimant), proceeding pro se, petitions this Court for review of an October 11, 2017 Order of the Unemployment Compensation (UC) Board of Review (Board). The Order affirmed a Referee's Decision, which found Claimant ineligible for benefits under Section 402(j) of the UC Law[1] (Law) for the week ending July 8, 2017, because she did not timely complete the required Reemployment Services and Eligibility Assessment (RESEA). Claimant was also

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. § 802(j). Section 402(j) provides that an individual is ineligible for benefits for any week in which he/she fails to participate in reemployment services, unless: "(1) the employe has completed such services; or (2) there is justifiable cause for the employe's failure to participate in such services." *Id.*

assessed a non-fault overpayment in the amount of $513 for that benefit week.  For the reasons that follow, we affirm the Board's Order.

On May 14, 2017, Claimant applied for UC benefits.  On June 12, 2017, CareerLink sent Claimant a notice, advising her that as a condition of receiving benefits, she was required to complete a RESEA session by July 3, 2017.[2]  When she failed to do so, the UC Service Center issued a Notice of RESEA Determination (RESEA Notice) on July 19, 2017, finding Claimant ineligible for benefits for the week ending July 8, 2017.  (RESEA Notice, Certified Record (C.R.) Item No. 6.)  This same day, the UC Service Center issued a Notice of Determination of Overpayment of Benefits (Notice of Overpayment), seeking recoupment of the $513 that had been overpaid to Claimant pursuant to Section 804(a) of the Law. 43 P.S. § 874(a).[3]  (Notice of Overpayment, C.R. Item No. 6.)  The Notice of Overpayment stated "This is a FAULT overpayment because:  THE CLAIMANT SHOULD

---

[2] The notice stated, in relevant part:

YOU MUST TAKE ACTION BY THE DATE ABOVE.

YOU ARE REQUIRED TO PARTICIPATE IN THE RESEA PROGRAM TO BE ELIGIBLE FOR UC BENEFITS.

FAILURE TO PARTICIPATE IN RESEA SESSIONS OR REFERED SERVICES MAY DISQUALIFY YOU FROM RECEIVING UC BENEFITS.

(June 12, 2017 Notice, Certified Record Item No. 2.)

[3] Section 804(a) of the Law provides:

Any person who by reason of his fault has received any sum as compensation under this act to which he was not entitled, shall be liable to repay to the Unemployment Compensation Fund to the credit of the Compensation Account a sum equal to the amount so received by him . . . .

43 P.S. § 874(a).

HAVE KNOWN TO SCHEDULE A RESEA SESSION." (*Id.*) Claimant timely appealed.

On August 22, 2017, the Referee held a hearing, at which Claimant testified. At the hearing, Claimant told the Referee that she had misread the notice she received requiring her to attend a RESEA session by July 3, 2017, but after receiving a second notice, she attended a later RESEA session. After the hearing, the Referee found Claimant was ineligible for benefits for the week ending July 8, 2017, pursuant to Section 402(j), but modified the fault overpayment to a non-fault overpayment under Section 804(b) of the Law, 43 P.S. § 874(b).[4] This is because the Referee determined that Claimant "lacked the requisite intent" required for a fault overpayment. (Referee Decision at 3.)

Claimant timely appealed to the Board, which affirmed, holding that Claimant was ineligible for benefits for the week ending July 8, 2017, under Section 402(j) of the Law because she did not timely complete the RESEA session. Specifically, the Board found:

1. Effective May 14, 2017, the claimant applied for unemployment compensation benefits.

2. On June 12, 2017, CareerLink mailed to claimant's last known address notice that she was required to participate in a Reemployment Services and Eligibility Assessment (RESEA) session by July 3, 2017.

---

[4] Section 804(b)(1) states:

Any person who other than by reason of his fault has received with respect to a benefit year any sum as compensation under this act to which he was not entitled shall not be liable to repay such sum but shall be liable to have such sum deducted from any future compensation payable to him . . . .

43 P.S. § 874(b)(1).

3

3.	The letter also notified the claimant that participation in the RESEA session was unnecessary if she was working full time or had a return-to-work date from her employer, but she must still return completed forms by July 3, 2017.

4.	The letter further notified the claimant that, if she did not participate in the RESEA session by July 3, 2017, she would be ineligible for benefits.

5.	The claimant received the letter, but misread what it required of her.

6.	The claimant did not participate in the RESEA session by July 3, 2017.

7.	For the week ending July 8, 2017, the claimant filed a claim for and received $513.00 in benefits.

(Board Opinion, Findings of Fact ¶¶ 1-7.)

The Board reasoned that under Section 402(j) of the Law, a claimant is ineligible for benefits for any week in which she has not attended a RESEA session, unless she has justifiable cause for not attending. The Board found that Claimant had not attended a RESEA session by July 3, 2017, as required, and her misreading of the notice did not amount to a justifiable cause for failing to attend the session. Because Claimant had received benefits to which she was not entitled, the Board reasoned that she had received an overpayment in the amount of $513. However, the Board stated that, based on the record, this overpayment should be categorized as a non-fault overpayment under Section 804(b) of the Law, rather than a fault overpayment under Section 804(a) of the Law. By finding Claimant had received a non-fault overpayment rather than a fault overpayment, the Board determined the $513 was subject to recoupment, rather than repayment.

Claimant timely appealed the Board's Order. On appeal,[5] she argues that the Board erred in finding that she was ineligible for benefits pursuant to Section 402(e) of the Law, 43 P.S. § 802(e).[6] Claimant also contends that the Board erred when it found she did not participate in the RESEA session and has a $513 non-fault overpayment.[7]

We first address Claimant's argument that the Board erred when it denied her benefits pursuant to Section 402(e) of the Law. Claimant references in her Petition for Review and attaches to her brief as Appendix B, a referee's decision dated July 20, 2017, at Appeal No. 17-09-C-9788. In this decision, the referee found Claimant was discharged for willful misconduct from Scranton School District (Employer) and thus, ineligible for benefits under Section 402(e) of the Law. In her brief, Claimant attempts to challenge this finding.

However, as the Board pointed out, Claimant's separation from Employer is not the proper subject of this appeal. At the time this appeal was filed, the issue of Claimant's separation from Employer was not ripe for this Court to hear because it was pending before the Board. *See Killian v. Unemployment Comp. Bd. of Review*,

---

[5] This Court's "review is limited to determining whether constitutional rights were violated, whether the adjudication is in accordance with the law[,] and whether the necessary findings of fact are supported by substantial evidence." *Adams v. Unemployment Comp. Bd. of Review*, 56 A.3d 76, 78 n.3 (Pa. Cmwlth. 2012); *see also* Section 704 of the Administrative Agency Law, 2 Pa. C.S. § 704. "It is established that, in unemployment compensation cases, the Board is the ultimate finder of fact and findings of fact made by the Board are conclusive on appeal as long as they are supported by substantial evidence." *Phila. Gas Works v. Unemployment Comp. Bd. of Review*, 654 A.2d 153, 158 (Pa. Cmwlth. 1995) (citation omitted).

[6] Section 402(e) renders a claimant ineligible for UC benefits for any week "[i]n which h[er] unemployment is due to h[er] discharge or temporary suspension from work for willful misconduct connected with h[er] work, irrespective of whether or not such work is 'employment' as defined in this act . . . ." 43 P.S. § 802(e).

[7] For ease of disposition, we have reordered Claimant's arguments.

405 A.2d 1372, 1374 (Pa. Cmwlth. 1979) ("Board review of the referee's determination [i]s an administrative remedy to be exhausted before the matter is ripe for judicial review."). During this appeal, the Board issued a determination in Appeal No. 17-09-C-9788, which Claimant has since separately appealed.[8] The circumstances of Claimant's separation from Employer will be dealt with in that appeal.

Here, the only issues before this Court are whether Claimant timely completed the RESEA session and whether Claimant received a non-fault overpayment. In her brief, Claimant does not develop an argument as to why the Board erred in finding she did not timely complete the training and that she received a non-fault overpayment, nor does she challenge the Board's findings of fact. If a claimant does not challenge the Board's findings of fact on appeal, they are binding. *Munski v. Unemployment Comp. Bd. of Review*, 29 A.3d 133, 137 (Pa. Cmwlth. 2011). Construing her argument broadly, Claimant on all previous occasions argued that she misunderstood the June 12, 2017 notice advising her that she needed to complete a RESEA session, and this is justifiable cause for failing to do so. Claimant also repeatedly asserts that she subsequently attended the July 12, 2017 RESEA session, and by doing so, she complied with what was required of her to receive benefits.

In response, the Board argues that Claimant's own negligence of misreading the June 12, 2017 notice does not amount to justifiable cause under Section 402(j) of the Law, which would have excused her from having to attend a RESEA session on or prior to July 3, 2017. In its brief, the Board also points out that Claimant attending the July 12, 2017 session would merely mean that she is not disqualified under Section 402(j) for benefits ending in the week of July 15, 2017.

---

[8] That appeal is docketed at No. 995 C.D. 2018.

Under Section 402(j) of the Law, an individual is ineligible for benefits for any week in which he/she fails to participate in reemployment services, unless: "(1) the employe has completed such services; or (2) **there is justifiable cause** for the employe's failure to participate in such services." 43 P.S. § 802(j) (emphasis added). Here, it is undisputed that Claimant did not attend the RESEA session by July 3, 2017, as she was required to do. Rather, Claimant contends she misunderstood what was required and this misunderstanding was justifiable cause for not completing the RESEA session.

This Court has previously held a party's own negligence in misreading or misunderstanding a notice that is correct and not misleading does not constitute "proper cause." *Savage v. Unemployment Comp. Bd. of Review*, 491 A.2d 947, 949-50 (Pa. Cmwlth. 1985). In *Savage,* the claimant did not attend a hearing before a referee. Under the regulations governing hearings, if a party "fails to attend a hearing without proper cause, the hearing may be held in his absence." 34 Pa. Code § 101.51. The claimant argued that he misread the correct date on the hearing notice and this constituted "proper cause" to justify his failure to attend the referee's hearing. *Savage*, 491 A.2d at 949-50. The Court held that "a claimant's own negligence is insufficient 'proper cause,' as a matter of law. . . ." *Id.* at 950. Although Section 402(j) uses the term "justifiable cause," instead of "proper cause," we find *Savage* persuasive. If a party's negligence in misreading an otherwise correct hearing notice is insufficient to justify the party's failure to appear at a hearing, we see no reason why a party's negligent misreading of a notice clearly advising her to attend a RESEA session by a certain date would justify the party's failure to attend the RESEA session. Moreover, like the claimant in *Savage*, Claimant here does not allege that there was anything deficient about the June 12,

7

2017 notice advising her to complete the RESEA session other than the fact that she misread what it required of her. Furthermore, by continuously asserting that she attended the RESEA session on July 12, 2017, Claimant misinterprets what was required of her. Claimant was required to attend a RESEA session on or prior to July 3, 2017, in order to be eligible for benefits for the week ending July 8, 2017, and she did not do so. The fact that Claimant attended a RESEA session on July 12, 2017, has no bearing on her eligibility for benefits for the single week ending July 8, 2017.[9] Under Section 402(j) of the Law, Claimant is ineligible for benefits if she failed to attend the session by the specified date, unless she had justifiable cause for not attending. Claimant did not attend and did not have justifiable cause. Therefore, Claimant was ineligible for benefits for the week ending July 8, 2017, under Section 402(j) of the Law.

Finally, Claimant argues the Board erred in assessing her with a non-fault overpayment. The language of Sections 804(a) and (b) of the Law explicitly state that a person receiving a benefit they are not entitled to "shall be liable to repay" the amount or have the amount recouped. 43 P.S. § 874(a), (b). This mandates that the Board must recover benefits from persons who were not entitled to them. Because Claimant was ineligible for benefits for the week ending July 8, 2017, the benefits she received that week in the amount of $513 were an overpayment.

"Conduct that is designed to improperly and intentionally mislead the UC authorities is sufficient to establish a fault overpayment." *Narducci v. Unemployment Comp. Bd. of Review*, 183 A.3d 488, 497 (Pa. Cmwlth. 2018) (citation omitted). The Board determined that "[t]he record lacks evidence that the claimant was at fault for receiving these benefits[,]" making the benefits that

---

[9] We note, as the Board does, that Claimant would not be disqualified under Section 402(j) of the Law for the week ending July 15, 2017.

Claimant received a non-fault overpayment. (Board Opinion at 2.) The UC authorities can recoup non-fault overpayments if a claimant is not entitled to benefits. *Sickafuse v. Unemployment Comp. Bd. of Review,* 464 A.2d 689, 692 (Pa. Cmwlth. 1983). However, as the Board correctly points out in its brief, a non-fault overpayment favors the Claimant as much as the Law permits. Accordingly, the Board did not err in assessing a $513 non-fault overpayment.

For the aforementioned reasons, we hold that the Board did not err in finding Claimant did not timely complete the RESEA session without justifiable cause and was overpaid $513, subject to recoupment under Section 804(b) of the Law.

Accordingly, we affirm.

_____
**RENÉE COHN JUBELIRER,** Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Vita M. Forgione, : 
                Petitioner : 
                 : 
           v. :   No. 1776 C.D. 2017
                 : 
Unemployment Compensation : 
Board of Review, : 
                Respondent : 

## **O R D E R**

NOW, August 16, 2018, the Order of the Unemployment Compensation Board of Review, dated October 11, 2017, is hereby **AFFIRMED.**

_____

**RENÉE COHN JUBELIRER,** Judge